# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SANCHEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>NORM KRAMER, et al.,<br><br>       Defendants. | Case No.  1:15-cv-01868-SAB<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed December 14, 2015.

## I.

### SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the individual has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
3   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
4   that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
5   Williams, 297 F.3d 930, 934 (9th Cir.2002).

6       Plaintiffs in pro se in civil rights actions are entitled to have their pleadings liberally
7   construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113,
8   1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially
9   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
10  named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.
11  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has
12  acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
13  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
14  F.3d at 969.

15  **II.**

16  **COMPLAINT ALLEGATIONS**

17      Plaintiff is a civil detainee in the custody of the Department of State Hospitals at
18  Coalinga State Hospital.  Plaintiff brings this action against the following individual defendants:
19  former Director of  State Hospitals Norm Kramer; former Director Cliff Allenby; former
20  Director Stephen Mayberg; Governor Jerry Brown; Coalinga State Hospital Executive Director
21  Pam Ahlin; Fresno County Board of Supervisors.

22      Plaintiff alleges that he is an African American male, and as such, is identified as a
23  member of a class of individuals who are highly susceptible to valley fever.  Plaintiff alleges
24  Defendants knowingly subjected him to valley fever, such that it constituted a violation of
25  Plaintiff's constitutional rights.  Plaintiff also sets forth state law claims of negligence, abuse of a
26  dependent adult, and failure to provide adequate facility equipment.

27

28

**III.**

**DISCUSSION**

**A.      Valley Fever**

As a civil detainee, Plaintiff is entitled to treatment more considerable than that afforded pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  Youngberg v. Romero, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such that a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232-1243-44 (9th Cir. 2010)(rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those who are civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), 132 S. Ct. 2379 (2012).

In reliance on Youngberg, the Ninth Circuit has held that court decisions that define the constitutional rights of prisoners can be relied upon to establish a floor for the constitutional rights of those who are civilly detained are sexually violent predators ("SVP").  Padilla v. Yoo, 678 F.3d 748, 759 (9th Cir. 2012); Hydrick v. Hunter, 500 F.3d 978, 989 n.7 (9th Cir. 2007).

1  Accordingly, the "conditions of confinement for SVPs cannot be more harsh than those under

2  which prisoners are detained." Hydrick, 500 F.3d at 989 n. 7.

3       The Court finds that Plaintiff's dangerous condition claim fails for two reasons.  First, the

4  claim is premised on Coalinga State Hospital being so inherently dangerous due to the presence

5  of valley fever spores in the soil that his transfer there amounts to a constitutional violation.  No

6  court has held that exposure to valley fever spores presents an excessive risk to inmate health.

7  King v. Avenal State Prison, 2009 WL 546212, 4 (E.D. Cal. Mar. 4, 2009); see also Tholmer v.

8  Yates, 2009 WL 174162, 3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise a

9  challenge to the general conditions of confinement at Coalinga State Hospital, Plaintiff fails to

10 come forward with evidence that [the Warden] is responsible for the conditions of which

11 Plaintiff complains.")  More recently, in addressing a claim that CDCR officials are responsible

12 for the contraction of valley fever by knowingly housing an African American inmate with a

13 history of asthma in an endemic area, it has been held that "unless there is something about a

14 prisoner's conditions of confinement that raises the risk of exposure substantially above the risk

15 experienced by the surrounding communities, it cannot be reasoned that the prisoner is

16 involuntarily exposed to a risk that society would not tolerate."  Hines v. Youssef, 2015 WL

17 164215, *5 (E.D. Cal. Jan. 13, 2015).  Plaintiff cannot state a claim for relief based on mere

18 exposure to valley fever.

19      Further, even assuming transfer to Coalinga State Hospital might suffice to underpin a

20 constitutional claim, Plaintiff's allegations regarding the named Defendants' involvement remain

21 speculative at best.  Section 1983 does not permit respondeat superior, or vicarious, liability and

22 Plaintiff's claim must be premised on Defendants' personal involvement or other specific causal

23 connection; speculative allegations regarding knowledge, actions, and/or omissions do not

24 suffice.  Crowley v. Bannister, 734 F.3d 1062, 1074-75 (9th Cir. 2013).  For these reasons, the

25 Court finds that Plaintiff fails to state a claim under section 1983.

26      **B**.    **Medical Care**

27      To the extent that Plaintiff is attempting to allege that he was not provided appropriate

28 medical care and treatment, he is advised that  in determining whether a defendant has met his or

4

1   her constitutional obligations, decisions made by the appropriate medical professionals are
2   entitled to a presumption of correctness.  <u>Youngberg</u>, 457 U.S. at 324.  "[T]he Constitution only
3   requires that the courts make certain that professional judgment in fact was exercised.  It is not
4   appropriate for the courts to specify which of several professionally acceptable choices should
5   have been made."  <u>Id</u>. at 321.  Liability will be imposed only when the medical decision "is such
6   that a substantial departure from acceptable professional judgment, practice, or standards as to
7   demonstrate that the person responsible actually did not base the decision on such a judgment.
8   <u>Id</u>. at 323; <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992).

9         **C.**    **State Law Claims**

10        Regarding Plaintiff's state law claims, under 28 U.S.C. § 1367(c)(3), the Court has
11   discretion to dismiss state law claims when it has dismissed all of Plaintiff's federal claims.  "In
12   the unusual case in which federal law claims are eliminated before trial, the balance of factors . .
13   . will point toward declining to exercise jurisdiction over the remaining state law claims."
14   <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988); <u>Schneider v. TRW, Inc.</u>, 983
15   F.2d 986, 993 (9th Cir. 1991).  Some circuits have held that a court may retain jurisdiction over
16   state law claims if extraordinary or unusual circumstances justify their retention.  <u>See</u>, e.g.,
17   <u>Musson Theatrical Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1255 (6th Cir. 1996); <u>Wentzka</u>
18   <u>v. Gellman</u>, 991 F.2d 423, 425 (7th Cir. 1993).  The Court therefore declines to exercise
19   supplemental jurisdiction over Plaintiff's state law claims.

20                                          **IV.**

21                               **CONCLUSION AND ORDER**

22        For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
23   be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  <u>Noll</u>
24   <u>v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this
25   suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605,
26   607 (7th Cir. 2007)(no "buckshot" complaints).

27        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
28   each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."   King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed December 14, 2015, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   __**January 29, 2016**__

_____
UNITED STATES MAGISTRATE JUDGE

6