# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY,<br><br>    Defendant. | Case No. 1:15-cv-01868-DAD-SAB<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's first amended complaint, filed February 29, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the individual has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Plaintiffs in pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The February 29, 2016, first amended complaint is filed in response to the February 1, 2016, order dismissing the original compliant and granting Plaintiff leave to file an amended complaint.  Plaintiff is a civil detainee in the custody of the Department of State Hospitals at Coalinga State Hospital.  Plaintiff brings this action against former Director of State Hospitals Cliff Allenby.

In the order dismissing the original complaint, the Court noted that Plaintiff alleged that he is an African American male, and as such, is identified as a member of a class of individuals who are highly susceptible to Valley Fever.  Plaintiff alleged Defendants knowingly subjected him to Valley Fever, such that it constituted a violation of Plaintiff's constitutional rights.  In his first amended complaint, Plaintiff simply alleges that Defendant has subjected him to a

dangerous condition due to the presence of Valley Fever spores. Plaintiff argues that the original complaint stated a claim for relief "because the Ninth Circuit has affirmed there is good claims against defendant Allenby." (ECF No. 8 at 5.) Plaintiff refers the Court to unpublished decisions from the Ninth Circuit. Plaintiff does not allege any new or different facts in the first amended complaint.

## III.
## DISCUSSION

### A.   Valley Fever

As a civil detainee, Plaintiff is entitled to treatment more considerable than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romero, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such that a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232-1243-44 (9th Cir. 2010)(rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those who are civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th

Cir. 2011), 132 S. Ct. 2379 (2012).

The Court finds that Plaintiff's dangerous condition claim fails for two reasons. First, the claim is premised on Coalinga State Hospital being so inherently dangerous due to the presence of Valley Fever spores in the soil that his transfer there amounts to a constitutional violation. No court has held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, 4 (E.D. Cal. Mar. 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, 3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise a challenge to the general conditions of confinement at Coalinga State Hospital, Plaintiff fails to come forward with evidence that [the Warden] is responsible for the conditions of which Plaintiff complains.") More recently, in addressing a claim that CDCR officials are responsible for the contraction of valley fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Yousseff, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015). Plaintiff cannot state a claim for relief based on mere exposure to valley fever.

Further, even assuming transfer to Coalinga State Hospital might suffice to underpin a constitutional claim, Plaintiff's allegations regarding the named Defendant's involvement remains speculative at best. Section 1983 does not permit respondeat superior, or vicarious, liability and Plaintiff's claim must be premised on Defendant's personal involvement or other specific causal connection; speculative allegations regarding knowledge, actions, and/or omissions do not suffice. Crowley v. Bannister, 734 F.3d 1062, 1074-75 (9th Cir. 2013). For these reasons, the Court finds that Plaintiff fails to state a claim under section 1983.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff was previously notified of the applicable legal standard and the deficiencies

4

in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Plaintiff does not allege any new or different facts. Plaintiff indicates his disagreement with the Court's ruling that the original complaint failed to state a claim for relief. Plaintiff's sole allegation is that his civil rights are being violated because he is housed in an area where valley fever spores are present in the soil. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference by Defendant Allenby, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2016**

UNITED STATES MAGISTRATE JUDGE