1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE SANCHEZ,                          No.  1:15-cv-01868-DAD-SAB

12              Plaintiff,

13      v.                                   ORDER DECLINING TO ADOPT FINDINGS
                                             AND RECOMMENDATIONS, DISMISSING
14   NORM KRAMER, et al.,                    COMPLAINT WITH LEAVE TO AMEND,
                                             AND DIRECTING CLERK TO SERVE
15              Defendants.                  PLAINTIFF WITH ADDITIONAL
                                             DOCUMENTS
16
                                             (Doc. No. 9)
17

18          Plaintiff Jesse Sanchez is a civil detainee appearing *pro se* and *in forma pauperis* in this

19   civil rights action pursuant to 42 U.S.C. § 1983.

20          The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

21   § 636(b)(1)(B) and Local Rule 302.  On May 20, 2016, the assigned magistrate judge issued

22   findings and recommendations recommending that plaintiff's complaint be dismissed for failing

23   to state a cognizable claim.  (Doc. No. 9.)  Those findings and recommendations were served on

24   plaintiff and contained notice that objections thereto were to be filed within thirty days.  On June

25   /////

26   /////

27   /////

28   /////

                                             1

23, 2016, plaintiff filed objections to the findings and recommendations.[1]  (Doc. No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the undersigned declines to adopt the findings and recommendations.

As the magistrate judge correctly noted in the pending findings and recommendations, "'[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'"  *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982)).  The findings and recommendations recommending dismissal were, in part, based upon the finding that "[n]o court has held that exposure to Valley Fever spores presents an excessive risk to inmate health."  (Doc. No. 9 at 4.)  Generally, however, state prisoners can allege claims under the Eighth Amendment based on their exposure to Valley Fever that are sufficient to make it past screening the screening stage.  *See Johnson v. Pleasant Valley State Prison*, 505 Fed. App'x 631, 632 (9th Cir. 2013) ("Given the low threshold requirements of 28 U.S.C. § 1915A, dismissal of Johnson's action was improper at this early stage because Johnson alleged that prison officials were aware that inmates' exposure to [V]alley [F]ever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat."); *Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010) (noting that dismissal with prejudice of plaintiff's claim—that he was more susceptible to contracting Valley Fever and that defendants were deliberately indifferent to his serious medical needs by housing him at prisons in areas where Valley Fever is known to be present—was improper, because it was "not beyond doubt that Smith could prove no set of facts in support of his claims that would entitled [sic] him

---

[1]  The undersigned has delayed issuing this and several other orders in cases asserting constitutional claims based upon institutional exposure to Valley Fever while awaiting an anticipated Ninth Circuit decision addressing such claims and issues related to them.  In this regard, the court notes that oral argument was held on May 17, 2017, before the Ninth Circuit in the consolidated matter of *Hines v. Youseff, et al*., Nos. 15-16145, 15-17076, 15-17155, 15-17201 (9th Cir. 2015), in which the issue is presented.  However, given the lapse of time since that case was argued with no decision having been rendered, the undersigned has concluded that any further delay in these proceedings is unwarranted.

to relief"). Since those who are involuntarily committed may not be kept in more punitive or worse conditions, cognizable conditions of confinement claims set a floor for the treatment of civilly committed individuals as well. *See Jones*, 393 F.3d at 932 ("[W]hen a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'"); *see also Walker v. Ahern*, No. 16-cv-04988-YGR (PR), 2018 WL 2267745, at *5 (N.D. Cal. May 17, 2018).

Here, plaintiff here alleges he is a civil detainee being held at Coalinga State Hospital, having been transferred there at the opening of the facility in 2005. According to plaintiff, he was told at the time of his arrival that Valley Fever[2] existed in the area. However, he alleges that the potential for harm was downplayed by defendants, and he was not told about the potential severity of the disease or his significant risk of his contracting it. Nor, according to the allegations of his complaint, was plaintiff informed about ways to protect himself from contracting Valley Fever. He was also not informed about the increased risk of the disease becoming disseminated,[3] especially among Native Americans.[4] Plaintiff alleges he has suffered

_____

[2] Valley Fever, also known as coccidioidomycosis, is

> an infectious disease caused by inhalation of a fungus (Coccidioides [immitis]) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.

*Plata v. Brown*, No. C01-1351-THE, 2013 WL 3200587, at *2 (N.D. Cal. June 24, 2013).

[3] As the Ninth Circuit has noted:

> According to the Center for Disease Control and Prevention ("CDC"), "[s]ymptomatic coccidioidomycosis [Valley Fever], which occurs in approximately 40% of all infections, has a wide clinical spectrum, including mild influenza-like illness, severe pneumonia, and disseminated disease." The disseminated form of the disease—that is, when the fungus spreads from the lungs to the body's other organs—is the most serious. Disseminated cocci may cause miliary tuberculosis, bone and joint infections (including osteomyelitis), skin disease, soft tissue abscesses, and meningitis. In some cases, surgery may be the only available treatment. The antifungal Fluconazole is effective against most cocci infections, but it is a daily treatment that must be continued for the rest of the

an "unusually higher degree of sicknesses" which he attributes to Valley Fever as a result of his confinement at Coalinga State Hospital.  (Doc. No. 8 at 9.)   Plaintiff also claims defendants were well–aware of the dangers of Valley Fever at Coalinga, because of outbreaks of the disease throughout the 1990s and early 2000s at Pleasant Valley State Prison, which is located adjacent to the hospital.  Further, plaintiff alleges that defendants are ultimately the ones responsible for determining where he would be housed and what sort of safety precautions would be taken to protect him from exposure to the disease.  These are the facts plaintiff alleges and, liberally construed, the undersigned finds them to be sufficient to state a claim for relief.  *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (noting pro se prisoner complaints must be construed liberally and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  Furthermore, the Ninth Circuit has suggested in numerous unpublished decisions that such claims involving allegations of deliberate indifference based upon exposure to the known risk of contracting Valley Fever should not be screened out at this stage of litigation.  *See, e.g.*, *Sullivan v. Kramer*, 609 Fed. App'x 435 (9th Cir. 2015) (reversing a dismissal at screening in a Valley Fever case filed by a civil detainee housed at the same institution as plaintiff here); *Samuels v. Ahlin*, 584 Fed. App'x 636 (9th Cir. 2014) (same); *see also Johnson v. Pleasant Valley State Prison*, 505 Fed. App'x 631, 632 (9th Cir. 2013) (reversing a screening order dismissal in a case brought by a prisoner alleging Valley Fever claims); *Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010) (same).  Though these unpublished Ninth Circuit decisions are not of

---

patient's life.  Individuals of certain races, especially African–Americans and Filipinos, are at significantly higher risk of contracting disseminated cocci than the rest of the population.  If left untreated and allowed to progress to meningitis, the disseminated form of the disease is uniformly fatal.

*Edison v. United States*, 822 F.3d 510, 514–15 (9th Cir. 2016); *see also Zurich Ins. Co. v. Sigourney*, 278 F.2d 826, 828 (9th Cir. 1960) (noting there was "no doubt" the appellee was "now totally disabled from a disease known as coccidioidomycosis—called on the West Coast 'San Joaquin Valley Fever'").

[4] In his original complaint plaintiff referred to himself as being of African-American descent, but in his first amended complaint clarified that he is in fact Native American. (Doc. No. 8 at 6.)

precedential value (see Ninth Circuit Rule 36–3(a), they nonetheless suggest that this court should be cautious and reluctant to dismiss complaints alleging such claims at screening.

The pending findings and recommendations also recommend dismissal of plaintiff's complaint at the screening stage because 42 U.S.C. § 1983 does not permit *respondeat superior* liability. While this is true, the court does not read plaintiff's complaint as alleging that the named defendants are responsible for the actions of their subordinates who caused him to suffer the alleged constitutional harm. Rather, plaintiff is alleging that the named defendants knew of and did not take steps to warn him of the dangers posed by Valley Fever and how he could help to prevent himself from contracting that disease. Specifically, plaintiff alleges the defendants were directly responsible for the lack of sufficient educational programs or information to help forestall him from contracting Valley Fever. (Doc. No. 1 at 12–15, 18–19, 22.)

For these reasons, the undersigned declines to adopt the pending findings and recommendations. However, it appears that what is currently styled as plaintiff's first amended complaint must still be dismissed. (Doc. No. 8.) As the magistrate judge noted in a prior order, generally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff's first amended complaint is, in effect, a series of objections to the magistrate judge's prior order dismissing with leave to amend. (Doc. No. 8.) The facts upon which plaintiff may state a claim are spread between several different documents currently – the initial complaint (Doc. No. 1), the first amended complaint (Doc. No. 8), and plaintiff's objections to the findings and recommendations (Doc. No. 10).

Ultimately, the court must have one, all inclusive, operative complaint which may be served on the defendants in this action. As such, the first amended complaint will be dismissed with plaintiff granted leave to file a second amended complaint.

Plaintiff is cautioned that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2);

*Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make a second amended complaint complete. Local Rule 220 requires any second amended complaint he elects to file to be complete in itself without reference to prior pleadings. The second amended complaint will supersede all previously filed complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any second amended complaint plaintiff elects to file, he must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case. Finally, any second amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie his claims. Finally, as a courtesy, the Clerk of Court will be directed to send plaintiff a copy of his original complaint, the first amended complaint, and objections to the findings and recommendations along with a copy of this order.

For the reasons explained above:

1. The court declines to adopt the findings and recommendations issued May 20, 2016 (Doc. No. 9);

2. Plaintiff's first amended complaint is dismissed with leave to amend. Plaintiff is advised that he must include all the facts necessary to state his claim in the second amended complaint, which must be complete without reference to another document already filed in this case; and

/////

/////

/////

/////

/////

3. The Clerk of Court is directed to provide to plaintiff a copy of plaintiff's original complaint (Doc. No. 1), first amended complaint (Doc. No. 8), and the objections to the findings and recommendations (Doc. No. 10) along with this order.

IT IS SO ORDERED.

Dated:   **September 20, 2018**

_____
UNITED STATES DISTRICT JUDGE