UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NORM KRAMER, et al.,<br><br>    Defendants. | No. 1:15-cv-01868-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>[ECF Nos. 11, 12, 13]<br><br>**FOURTEEN-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Jesse Sanchez is a civil detainee appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2016, the undersigned screened Plaintiff's amended complaint and issued findings and recommendations recommending that this action be dismissed for the failure to state a cognizable claim. (ECF No. 9.) On September 20, 2018, the District Judge declined to adopt the findings and recommendations, and granted Plaintiff leave to file a second amended complaint. (ECF No. 11.) However, no deadline was set for Plaintiff's compliance with that order. (*Id*.) Therefore, on September 21, 2018, the Court ordered Plaintiff to file his second amended complaint no later than October 24, 2018. (Doc. No. 12.)

Plaintiff did not file any second amended complaint in compliance with the Court's orders, nor otherwise communicated with the Court. Therefore, on October 31, 2018, the Court issued an order to show cause why this case should not be dismissed for the failure to state a claim for relief, the failure to comply with a court order, and the failure to prosecute this action. (ECF No. 13.) Plaintiff was granted fourteen days to respond to the order to show cause.

That deadline for Plaintiff to respond to the order to show case has passed, and Plaintiff has not responded. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

## II.

## FAILURE TO STATE A CLAIM

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Here, this case does not proceed upon any complaint with a cognizable claim. As discussed by the District Judge, Plaintiff originally filed a complaint with allegations that the undersigned found insufficient to state a cognizable claim, asserting exposure to Valley Fever. (ECF No. 1.) The undersigned granted leave to amend. (ECF No. 5.)

In response, Plaintiff filed a first amended complaint that was, in effect, a series of objections and arguments in response to the prior screening order. (ECF No. 8.) The undersigned then issued findings and recommendations to dismiss, (ECF No. 9), and the District Judge declined to adopt those findings and recommendations, (ECF No. 11). However, the District Judge found that the first amended complaint must be dismissed for its failure to state a cognizable claim, because the first amended complaint did not contain the factual allegations sufficient to proceed upon and serve upon the defendants. (Id.) Leave to amend was granted so that Plaintiff could plead sufficient factual allegations in a single, operative complaint, as required. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 925–28 (9th Cir. 2012) (an amended complaint supersedes any prior complaint). See also Local Rule 220 (amended complaint must be "complete in and of itself without reference to the prior or superseded pleading"). As noted above, Plaintiff has not done so despite repeated orders from the Court.

Therefore, currently there is no operative complaint in this case, and this case does not proceed upon any cognizable claim. Thus, this matter must be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

### III.

### FAILURE TO OBEY COURT ORDERS

As noted above, on October 31, 2018, the Court issued an order to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with or otherwise

3

respond to the Court's September 21, 2018 order. (ECF No. 13.) Plaintiff was also informed that he could comply with the order to show cause by filing a second amended complaint. (Id. at 2.) Plaintiff was permitted another fourteen days to respond to the order to show cause, but did not file any second amended complaint or otherwise respond.

This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to multiple court orders, the Court is left with no alternative but to recommendation dismissal of the action for failure to prosecute. Plaintiff has had no contact with the Court in six months, and repeated attempts to engage him in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claims upon which relief may be granted. Plaintiff has been repeatedly warned of dismissal, to no avail, and as Plaintiff is proceeding *in forma pauperis* and has ceased litigating this action, no lesser sanctions are available.

**IV.**

**CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed, with prejudice, for Plaintiff's failure to comply with a court order, failure to prosecute, and for the failure state a claim upon which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 27, 2018**

UNITED STATES MAGISTRATE JUDGE